JOHN L. BURRIS, SBN 69888
ADANTE POINTER, SBN 23622
LAW OFFICES OF JOHN BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882

Attorney for Plaintiff
TAVERES COBB

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAVARES COBB,

    Plaintiff,

vs.

CITY OF OAKLAND, a municipal corporation; WAYNE TUCKER in his official capacity as CHIEF OF POLICE for the CITY OF OAKLAND; CHRISTOPHE MARIE, individually and in his official capacity as a police officer for the CITY OF OAKLAND; CHRISTOPHER CARDONA, individually and in his official capacity as a police officer for the CITY OF OAKLAND; DOES 1-50, inclusive; individually and in their official capacities as police officers for the CITY OF OAKLAND

    Defendants.

Case No.: **C10-02518**

COMPLAINT FOR DAMAGES
(42 U.S.C §§ 1983; and pendant tort claims)

JURY TRIAL DEMANDED

## INTRODUCTION

1. This action arises from the unlawful shooting of Mr. Tavares Cobb by two City of Oakland Police Officers.

COBBS v. CITY OF OAKLAND                         COMPLAINT FOR DAMAGES

- 1

## JURISDICTION

2. This action arises under 42 U.S.C §§ 1983, 1985, and 1986. Jurisdiction is conferred upon this court by 28 U.S.C §§ 1331 and 1343.

## PARTIES

3. Plaintiff TAVARES COBB ("Plaintiff") is a competent adult, a resident of Oakland, California and a United States citizen. Plaintiff is readily recognizable as an African-American male.

4. Defendant CITY OF OAKLAND ("CITY") is and at all times herein mentioned was a municipality entity duly organized and existing under the laws of the State of California.

5. Defendant WAYNE TUCKER ("Chief TUCKER") was at all times mentioned herein the CHIEF OF POLICE for the CITY OF OAKLAND and is sued in his official capacity.

6. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

7. Defendant CHRISTOPHE MARIE ("MARIE"), is and at all times herein mentioned was a police officer for the CITY OF OAKLAND and is sued in his individual and official capacity as a police officer for the CITY OF OAKLAND.

8. Defendant CHRISTOPHER CARDONA ("CARDONA"), is and at all times herein mentioned was a police officer for the CITY OF OAKLAND and is sued in his individual and official capacity as a police officer for the CITY OF OAKLAND.

9. DOES 1 through 25, inclusive, are police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, and were directly involved in the unlawful seizure and/or use of deadly force against Plaintiff. DOES 26 through 50, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, were employed in a supervisory

capacity by defendant CITY and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training the individual defendant police officers employed by CITY in the proper and reasonable making of detentions and arrests.

10. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

11. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

12. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

13. Defendant CITY by and through its supervisory employees and agents, Chief TUCKER, and DOES 26-50, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to detainees. With deliberate indifference CITY and DOES 1-50, inclusive, failed to take necessary, proper, and/or adequate measures in order to prevent the violation of Plaintiff's rights and injuries. CITY and Chief TUCKER, and DOES 26-50, inclusive, breached their duty of care to citizens in that they failed to adequately train, supervise and discipline their police officers in the proper making of detentions, arrests and use of force. This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying with deliberate indifference the continuing making of unlawful detentions, arrests, and use of excessive and/or deadly force against detainees, including plaintiff, by Defendants MARIE, CARDONA and DOES 1-50 inclusive, employed by defendant CITY.

COBBS v. CITY OF OAKLAND          COMPLAINT FOR DAMAGES

- 3 -

## FACTS

14. This incident took place on June 5, 2008, at approximately 12:45 p.m.

15. City of Oakland Police Officers Birch and CARDONA stopped Plaintiff's car at or about 82nd and Bancroft Avenues in the City of Oakland. Plaintiff was alone in the car at the time of this incident.

16. During the detention, City of Oakland Police Officers Johnson, Birch, CARDONA and MARIE surrounded Plaintiff's car. Plaintiff and Officer Johnson began speaking to one another.

17. Without warning or provocation, Defendant Officer CARDONA fired his gun into the vehicle striking the Plaintiff.

18. The Defendant Officer's unwarranted use of deadly force caused Plaintiff to fear for his life so he placed the car in gear and tried to drive away.

19. Officers CARDONA and MARIE continued to fire additional rounds into the vehicle as it entered the intersection of 82nd and Bancroft Avenues. The Plaintiff was struck in his chest, abdomen, forehead, groin and both hands.

20. As a result of being shot, he lost control of the car. The car ultimately came to a rest against a nearby fence after it made contact with a parked car.

21. No guns or weapons were found on the Plaintiff's person or in his car.

22. Plaintiff suffered and will suffer significant damages as a result of the Defendants' conduct including, but not limited to, physical disfigurement, emotional distress, pain and suffering, lost income and past and future medical expenses.

COBBS v. CITY OF OAKLAND                                       COMPLAINT FOR DAMAGES

- 4 -

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT)

(AGAINST ALL DEFENDANTS HEREIN AND DOES through 50)

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22.

24. Defendants' above-described conduct violated Plaintiff's right to be free from unreasonable seizures and excessive and/or arbitrary force without reasonable or probable cause under the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF CIVIL RIGHT TO LIFE AND LIBERTY)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 50)

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24.

26. Defendants acted under color of law in subjecting Plaintiff to an unreasonable seizure, thereby depriving Plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. The right to equal protection of the laws, as guaranteed by the fourteenth Amendment to the United States Constitution; and,

    c. The right to be free from pre-conviction punishment as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution.

27. As a proximate result of the foregoing wrongful acts of Defendant, Plaintiff has sustained, and will in the future sustain, pecuniary loss and other compensable injuries.

28. As a further proximate result of the acts of Defendant, Plaintiff suffered general damages including pain and suffering.

29. In doing the foregoing wrongful acts Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

(Monell –42 U.S.C. section 1983)
(AGAINST ALL DEFENDANTS AND DOES 1-50)

30. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 29 of this Complaint.

31. Plaintiff is informed and believes and thereon alleges that high ranking CITY officials, including high ranking police supervisors such as Defendants Chief TUCKER, DOES 26-50, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendants CARDONA, MARIE and Police Officers DOES 1-25, inclusive and/or each of them.

32. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants Chief TUCKER, DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

33. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers DOES 1-25and/or each of them, Defendant Chief TUCKER, DOES 26-50, and/or each of them encouraged these officers to continue their course of misconduct and caused these officers' lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.

34. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY officials, including high ranking CITY Police Department supervisors, Defendants Chief TUCKER, DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

   d. The right to equal protection of the laws, as guaranteed by Fourteenth Amendment to the United States Constitution; and/or,

   e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

35. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $1,500,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief pursuant to enjoining defendant from authorizing, allowing, or ratifying the practice by any police officer of unlawfully using deadly force against citizens and/or making unreasonable detentions and/or arrests.
5. For reasonable attorney's fees;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated this 7 June, 2010                       **LAW OFFICES OF JOHN L. BURRIS**

_____
**JOHN L. BURRIS**
**Attorneys for Plaintiff**